## Shockey v. Shockey.

(Decided June 7, 1921.)

### Appeal from Fayette Circuit Court.

1. Divorce—Pleading.—A petition for divorce which sufficiently states a cause for abandonment and in addition thereto avers defendant "frequently beat and abused her, rendering her life burdensome and condition intolerable" does not state a cause of divorce for cruelty, and where the evidence wholly appertains to cruelty, there being no evidence of abandonment, the plaintiff must fail.

2.  Divorce—Abandonment—Wife Incompetent to Prove.—The plain-
tiff in a divorce case is not a competent witness to prove aban-
donment.

R. S. CRAWFORD for appellant.

HOGAN YANCEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Alice Shockey, sued her husband, James Arche Shockey, in the Fayette circuit court in July, 1919, for divorce, averring that they were married "January 3rd, 1916, and lived together as man and wife from the time of their marriage until December, 1917, at which time the defendant, without fault on the part of plaintiff, wilfully abandoned her, and since said date has not contributed anything to her support. The plaintiff says that during the time they lived together he procured divers sums of money from her and wasted same in drunkenness and dissipation and frequently beat and abused her, rendering her life burdensome and condition intolerable." The petition also alleges that plaintiff is and has been for more than five years a resident of Fayette county, Kentucky, and that the cause of divorce arose and existed in Fayette county, Kentucky, within five years next before the commencement of this action. The defendant was summoned but made no defense. The county attorney of Fayette county filed a report in which he said:

"I must object to the granting of the relief sought by the plaintiff on the ground that the allegation of cruelty is insufficient and that the proof which was taken only on that ground is insufficient."

The case was then remanded to rules and the plaintiff given leave to retake her depositions, but she did not do so.

The cause being submitted for judgment the court dismissed the plaintiff's petition at her cost, and she appeals.

The brief for appellant, the only one in the record, consists of one typewritten page without citation of authority.

The petition sufficiently avers abandonment on the part of appellee to constitute a cause of divorce to appellant, but it does not state a cause of divorce for cruelty, although it does allege that defendant "frequently

cruelly beat and abused her, rendering her life burdensome and condition intolerable.''

A divorce may be granted only for one of the causes set forth in the statute. Living apart without cohabitation for five consecutive years next before the application for divorce is a ground to either party, and the party not in fault may have a divorce if he or she be abandoned by his or her spouse for one year. The proof in this case shows merely that plaintiff and defendant separated. It does not show which one left or abandoned the other. Abandonment constituting a cause of divorce is something more than separation. A wife who merely separates from her husband is not entitled to a divorce until five years have elapsed without any cohabitation between them. Abandonment is a matter of proof and the wife is not a competent witness to establish it.

Ignoring her deposition on this subject there is absolutely no evidence as to how, why or where the parties separated, and no proof whatever that defendant abandoned plaintiff more than one year before the institution of this action.

There is some evidence tending to prove that defendant was cruel to plaintiff, but as the allegations of the petition as to cruelty are wholly insufficient to support a judgment on this ground, it cannot be considered, for proof without allegation is nothing.

Judgment affirmed.